UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMETRA L. SULTON,

        Plaintiff,

vs.

Case No. 12-cv-14876
HON. GERSHWIN A. DRAIN

CITY OF DEARBORN,
*et al.*,

        Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2) AND DISMISSING COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Ametra L. Sulton filed a *pro se* complaint and application to proceed without prepayment of fees on November 1, 2012. Upon reviewing the application, the court is persuaded that Sulton is unable to pay the fees associated with the filing of her complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Sulton's complaint upon determining that her complaint fails to state a claim on which relief may be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). To state a claim upon which relief may be granted, the plaintiff's factual allegations must present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n*

of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).

Sulton's complaint was filed as a cover letter referencing a summons and complaint filed in the 19th District Court in Dearborn Michigan with certain documents attached to the cover letter. However, the state court complaint was not attached to the documents. See Doc. No. 1, pg. 1. Although a pro se litigant's complaint is entitled to liberal construction, a court may not abrogate the basic essentials of federal notice pleading. See Kampii v. Ghee, No. 99-3459, 2000 U.S. App. LEXIS 4160, *3 (6th Cir. Mar. 14, 2000). Furthermore, the complaint should give the defendant fair notice of the plaintiff's claim and grounds upon which it rests. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

Based on the documents submitted as Plaintiff's "complaint", the Court discerns that Ms. Sulton alleges state-law claims of (1) unlawful eviction, (2) personal injury, and (3) illegal impound, against the Dearborn Police Department ("DPD") and the City of Dearborn before the 19th District Court. In the matter before this Court, Plaintiff appears to allege a violation of unspecified constitutional rights against the DPD and the City of Dearborn under 42 U.S.C. § 1983.

As with any § 1983 action, the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived the person of rights, privileges, or immunities secured by the Constitution of the United States. 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527; 101 S.Ct. 1908, 68 L. Ed. 2d 420 (1981); Gomez v. Toledo, 446 U.S. 635, 640; 100 S.Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir. 1988). Absent either element, a § 1983 claim will not lie. Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991). § 1983 is not itself a source of substantive rights, but rather it is a means of vindicating federal rights established

elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271; 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)(plurality opinion).

The Supreme Court has held that a municipality may be liable for damages under § 1983 for violations of federal law that occur pursuant to an official government policy or custom. *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 690-691; 98 S. Ct. 2018, 56 L.Ed. 611 (1978). That custom, practice, or policy must be the moving force behind the constitutional violation. *Monell* 436 U.S. at 694; *See also (City of Canton v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). Plaintiff must identify the policy, connect the policy to the City itself, and show that a particular injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993). Here, Plaintiff does not point to any custom, practice, or policy of the DPD or the City of Dearborn that has resulted in the deprivation of a constitutional right.

Furthermore, to the extent Plaintiff's claim is based on § 1983, Plaintiff must plead and prove that there are no adequate remedies at state law. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1993). It appears from Plaintiff's documents that her state law claims were dismissed by the 19th District Court after the Defendants filed a motion for summary disposition and a hearing was held. Other than stating that the action was dismissed without being signed by the judge, Plaintiff does not identify any inadequacies in the state's remedies that prevent redress for alleged wrongdoings of the Defendants. Plaintiff fails to allege any specific facts that can be understood as the elements of any discernable legal claim.

Accordingly, Plaintiff Ametra L. Sulton's complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *McGore*, 114 F.3d at 612.

    SO ORDERED.


Dated: November 7, 2012

                                         /s/Gershwin A Drain  
                                         Gershwin A. Drain  
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record,  
and Ametra L. Sulton on  
November 7, 2012, by electronic and/or ordinary mail.

s/Tanya R Bankston  
Deputy Clerk

---